in the series is the US v. Shaw. May it again please the court. What I'd like to focus on I suppose now are our particulars. We have three cases here. The text is is fairly clear and I think one of the things I was talking a lot about what a violation of a federal criminal statute means earlier. I think the government omits that prepositional phrase from their reading of the statute. They say violation and then they ignore of a federal criminal statute. We have to take the language as a whole. In our particular cases I heard a lot about disparities and we made this point in both of our briefs. What actually happens in the Central District of Illinois in terms of sentencing is usually up to the prosecutor rather than the judge. Because the way that drug offenses are sentenced in our system depends a lot on what the mandatory minimum and maximum are. And those are often determined by whether the prosecutor has filed an information under section 851 about whether the defendant has a prior conviction. So in each of the three cases here these men all cooperated. They all pleaded guilty. They provided substantial assistance to the government. Nevertheless the government exercises discretion to enhance their sentences by filing these section 851 notices. And so that meant for Mr. Shaw that his statutory range went from 10 years to life to 20 years to life. For five years to 40 up to 10 to life. And the same for Mr. Shaw. Sorry Mr. Greer is the 20 to life. And so the what we've pointed out is that created a national and even intra-circuit disparity among what sentences crack defendants received due to these 851 notices. And so the disparity argument rings a little bit case or how that plays out. So let's take Mr. Greer for example. He cooperated. He provided substantial assistance. His guidelines range originally was 324 to 405 months. The government moved under section 5k 1.1 for a sentence reduction. The district court imposed a 275 month sentence below the guidelines. It was appealed. It was reversed under Kimbrough and the end result was 240 months. The district court could not reduce that sentence any further. That's the mandatory minimum sentence even though the guidelines kept changing. So at this point Mr. Greer's guidelines range is 210 to 262 months. If this case were prosecuted today the government almost certainly would make a motion not just under section 5k 1.1 of the guidelines but under 18 United States Code section 3553E which permits the district court to ignore mandatory minimums in cases of substantial assistance. And the way it works as a practical matter typically the government will move only under 5k 1.1 if we're well above that mandatory minimum. But if we're at that mandatory minimum the government will move to get below that. But at our original sentencing in Mr. Greer's case there was no need to make a 3553E motion. The people were well above the mandatory minimum. So we're just going to depart below the guidelines to get down to 275 months. So when we're talking about disparities actually in Mr. Greer's case were he sentenced today even under the government's theory here with a mandatory minimum of 20 years he still would get a lower sentence. He shouldn't be punished for being in the wrong place at the wrong time. Mr. Greer's case actually provides another data point about why we look at what the defendant was actually convicted of and not what we think he actually did. Mr. Greer was arrested and law enforcement found 65 grams of crack cocaine on his person. He was indicted and charged with conspiring to distribute more than 50 grams of crack cocaine. The actual amount had absolutely nothing to do with what his statutory range was going to be. If he couldn't contest that the 65 grams of crack found on his person belonged to him and was attributable to him it didn't matter if he was responsible for 65 grams or 6,500 grams. That just there was no point in fighting that. And so he pleaded guilty to and admitted to a conspiracy to distribute more than 50 grams of crack cocaine. That's what he was convicted of. So when we look back at that many years later and try to determine did the court impose a sentence for a covered offense we have to determine what was the offense. What was the violation of a federal criminal statute? And it's plain that what Mr. Greer pleaded guilty to was conspiring to distribute more than 50 grams of crack cocaine. And again in exercising his discretion can determine well do I want to consider maybe the government would have charged this differently you know maybe the government would have done all these things. We think it also should be able to consider would the government have moved under 3553 E even assuming that the government would have charged things differently. The whole point is these are all district court arguments. These are all arguments that can be presented to the district court. We can argue about disparities. We can argue about 851 enhancements. We can argue about all of these things but the point is that discussion ought to happen in the district court because for people whose statute of conviction the penalty the statutory penalties for which were modified by the Fair Sentencing Act are eligible for for consideration of a reduction. And so Mr. Henderson so we have the individual requests correct with regard to the Shaw case Judge McDade you're seeking a reversal and remand for an eligibility determination correct? Yes for each case the court should find that these defendants are eligible and remand for a consideration of whether a reduction is appropriate. With regard to Judge Shadid in the Robinson case obviously he exercised I don't want to say he exercised discretion but he concern there though is what he utilized in exercising the discretion? Yes and and Judge Shadid there are two cases Speed and Vortese that we mentioned in our reply brief that are briefing this issue because in our view what Judge Shadid has done is essentially used the old guidelines framework. All these sentence reduction motions that were under the guidelines one portion of the constraints there are that the court may not reduce the new guidelines range and so we think that may have been on Judge Shadid's mind the it's more fully briefed in Speed and Vortese but even here there's not really a real clear explanation of why Mr. Robinson wouldn't merit a lower sentence because if the government agreed with us that Mr. Robinson was eligible they would actually agree to a much lower sentence because Mr. Robinson cooperated. So his his guidelines range went from 262 to 327 months now down to 188 to 235 months. The government when making section 5k 1.1 motions typically recommends a percentage off of that and originally in Mr. Robinson's case they recommended 10% off the bottom of the 262 months. If Mr. Robinson were eligible and I think the government put this in its response then a comparable reduction would be appropriate and 10% off of 188 months is a lot lower than the 180 months that Mr. Robinson is currently sitting in. So we think that we think really Judge Shadid just forgot that this was a cooperation case and thought well this was just a 3553a determination that 180 months was was appropriate. So yes so in all of these cases we think that the district courts ought to be told you have discretion. It's not about the guidelines. It's not about eligibility. It's you've got discretion. Use it reasonably. You know maybe explain it a little bit if you can and and that's what the First Step Act. They could decline it. And they can say and you know I've considered all these factors. I've considered the defendant's conduct. I've considered the defendant's conduct after he was sentenced in prison. That that can happen. That's that's perfectly permissible. But it's really about the exercise of discretion. We're here on a legal determination that these defendants were not eligible. They are. The court should reverse and remand so that the district courts can use their discretion. Thank you. Thank you counsel. May it please the court. Counsel Catherine Boyle on behalf of the United States. Your honors I just want to respond to a few points that the opposing counsel just made. First of all the United States does not ignore the phrase the part of the phrase of a federal criminal statute. We just disagree with the defendants on whether the entire preceding phrase violation of a federal criminal statute is modified. The defense position is that we're just saying violation is. We disagree on what what the statute at issue is. We would say it would be a statute the core offense statute such as 841a and defense counsel is claiming that it's the penalty statute. We've already pointed out some of the issues with that such as the redundancy and saying violation of a I just wanted to make that point clear. And your honor I also want to discuss briefly because I think that in Mr. Henderson's discussion of the 851 notices we may have sort of conflated two points if I'm understanding him correctly. First of all it's within the US Attorney's Office's discretion to file 851 notices. Nobody I don't I think in this appeal is challenging the legal right to do so. In that in that sense this is not really informative to what is a question of statutory interpretation what the text says and the purpose of the statute. Additionally I think when Mr. Henderson was saying that Mr. Greer would be subject to a lower mandatory minimum today he is also referring it sounded like he was also referring to a post first step back defendant and those lowered mandatory minimums and that of course we would argue that there's no plenary resentencing involved here as the Fifth Circuit stated in United States versus Hegwood and it's also very clear from the First Step Act itself that those lowered statutory mandatory minimums were not were not retroactive. I think I've touched on a number of our main points. I can move on to discuss Mr. Robinson's Mr. Robinson's specific case since the posture is a little bit on the text and purpose of the statute or sort of our more general arguments. I want you to speak about Robinson. So here we think even if the district court erred in determining that Mr. Robinson was not eligible for reduction under section 404 that error was harmless. The court has repeatedly found both in the context of the Fair Sentencing Act and within the sentencing guidelines that a finding of harmless error is appropriate when the government has proven the sentencing error didn't affect the defendant's substantial rights which here would include liberty. Here if Judge Shadid had already determined he would not release the defendant or we wouldn't reduce the defendant's sentence as a matter of discretion there's no liberty interest affected in deeming him not eligible for a reduction. And additionally we don't think that the district court abused its discretion in concluding that even if Mr. Robinson were eligible for reduction it would not have reduced his sentence. In reaching that conclusion the court noted that if Mr. Robinson were eligible for a sentence reduction his amended guideline range would be 188 to 235 months imprisonment instead of the 262 to 327 months. And the court said it would decline to reduce the sentence because that original 180 month sentence was a downward departure even from the amended guideline range. And you know Defense Counsel points out here that he believes the district court judge just simply forgot that this was a cooperation case and somehow believed that he was constrained by the sorts of rules involved in section 3582 C2 and there's really no evidence in the record. This is an able district court judge and there's no evidence in the record that he was somehow unaware of what he was doing or didn't understand his ability to reduce the defendant's sentence. So we would ask that the court affirmed the judgments of the district court in these cases. And if the honors don't have any further questions I'll just rest on the arguments in our briefs. Thank you very much. I'll just briefly discuss Mr. Robinson's case. In the government's response at document 119 the government lays out if Mr. Robinson were eligible this is on page 6 of that document the appropriate reduction would be to a reduction of 170 months. The court mentions none of that. I agree with my friend that there's nothing in the record to suggest anything about what the court considered other than the only thing the court considered was the guidelines range is still higher than the sentence and therefore a reduction is not appropriate. As we go on at length and vortices and speed we think that's just a misconception of the discretion that the judge has. At the very least these remand for reconsideration on these sorts of motions is a small task to ensure that the judge gets it right and in light of Judge Shadid's lack of a real full explanation we think that'd be appropriate here. I think there was a case Patterson we said concludes very comment tossed in for good measures not sufficient to establish the futility of sending the case back to the district court. Exactly this this this sure seems conclusory of well even if I had discretion the guidelines are the same so we think it merits a closer look. Thank you. Thank you. Thanks to both counsel and we'll take the case under advisement.